IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| AIG BAKER TALLAHASSEE, L.L.C. and | ) | Case No. 10-07353 |
| AIG BAKER TALLAHASSEE COMMUNITIES, L.L.C. | ) | Case No. 10-07354 |
| Debtors. | ) | |

## OBJECTION OF WELLS FARGO BANK, N.A. TO THE DEBTORS' MOTION FOR INTERIM AUTHORITY TO USE CASH COLLATERAL

Wells Fargo Bank, N.A., successor-by-merger to Wachovia Bank, National Association (the "Prepetition Lender"), in its capacity as lender to the above-captioned debtors (the "Debtors") under two separate loan agreements (the "Prepetition Loan Agreements"), hereby objects to the Debtors' emergency motion for authority to use cash collateral (Docket No. 5) (the "Motion"). In support of this objection, the Prepetition Lender states as follows:

### INTRODUCTION

1. By filing the Motion, the Debtors' attempt to utilize the Prepetition Lender's cash collateral (the "Cash Collateral") without providing the Prepetition Lender with sufficient adequate protection. The Debtors assert that the continued operation of the Debtors' properties satisfies their obligation to provide the Prepetition Lenders with adequate protection (the "Proposed Adequate Protection"). Unfortunately, the Proposed Adequate Protection falls woefully short of satisfying the Debtors' obligations and is especially inadequate given the Debtors' lack of equity in the properties that secure the Prepetition Loan Agreements. Specifically, the Proposed Adequate Protection fails to include any mention of administrative

expense priority, replacement liens and other forms of adequate protection traditionally provided to prepetition lenders for the use of cash collateral, and the Motion fails to provide any budget that details exactly how the Debtors plan to utilize the Cash Collateral.[1]

2. In addition, the Debtors state that they intend to continue to use their existing cash management system, which provides for the transfer of Cash Collateral to a bank account controlled by a non-debtor entity. The continued use of the Debtors' existing cash management system effectively eliminates the Prepetition Lenders' ability to protect its interests in the Cash Collateral and is inappropriate within the confines of a chapter 11 bankruptcy case.

3. The Prepetition Lender submits, however, that it would consent to the Debtors' use of Cash Collateral under the appropriate circumstances. This consent, however, is contingent upon the Debtors providing the Prepetition Lenders with proper adequate protection, including, without limitation: (a) the payment of (i) the non-default rate of interest under each of the Prepetition Loan Agreements or (ii) the Debtors' net cash flow after expenses; (b) the fulfillment of all other contractual obligations under the Prepetition Loan Agreements necessary to preserve the value of Prepetition Lender's collateral, including the payment of all necessary taxes and operating expenses; (c) various restrictions on the use of Prepetition Lender's cash collateral, including adherence to a budget approved by the Prepetition Lender; and (d) certain specific reporting requirements. The Prepetition Lender has prepared and provided to the Debtors a form of order to which the Prepetition Lenders would consent to the Debtors' use of Cash Collateral.

---

[1] The Debtors state they plan on making "monthly payments" to the Prepetition Lenders, but fail to indicate any specific details regarding the planned payments.

CHI-1743724v5

- 2 -

Case 10-07353-TBB11    Doc 11    Filed 12/15/10    Entered 12/15/10 15:45:35    Desc Main
Document    Page 2 of 9

## BACKGROUND

4. The Debtors filed these cases on December 14, 2010 (the "Petition Date"), and provided extremely minimal notice to the Prepetition Lender prior to the filing. In fact, the Debtors never reached out to the Prepetition Lender to discuss the use of Cash Collateral prior to the filing of these cases, despite the fact the parties have been engaged in negotiations regarding a potential out of court settlement prior to the Petition Date. As a result, the Debtors may have unnecessarily created a dispute. In addition, in that the Debtors have no employees, it is not clear that the Debtors need Cash Collateral on an emergency basis.

5. The Prepetition Lender is party to a separate loan agreement with each of the Debtors. The first loan agreement, dated February 21, 2007, is by and between AIG Baker Tallahassee Communities, L.L.C. ("Communities"), Wachovia Bank, National Association (now known as Wells Fargo Bank, N.A.), and is secured by certain raw undeveloped land. As Communities owns only raw, undeveloped land, it has no income and presumably will have little or no need to use Cash Collateral.

6. The second loan agreement, dated March 1, 2008, is by and between AIG Baker Tallahassee, L.L.C. ("Tallahassee") and Wachovia Bank, National Association (now known as Wells Fargo Bank, N.A.), and is secured by real property that includes a shopping center. Tallahassee's rents from its three tenants of the shopping center are paid to accounts controlled by its non-debtor affiliate, AIG Baker Management, L.L.C. ("SCP Management").

7. The Debtors seek to continue their practice of having the Debtors' three tenants send rent to accounts controlled by SCP Management on a postpetition basis (the "SCP Account"). The SCP Account also includes amounts of cash of non-debtor entities, and to the extent any Cash Collateral is transferred to the SCP Account, it would be commingled with the funds of other numerous non-debtor entities.

## ARGUMENT

8. The Proposed Adequate Protection fails to protect the Prepetition Lender's interest in its collateral. Under section 363(c)(2) of the Title 11 of the United States Code (the "Bankruptcy Code"), a debtor may only use, sell, or lease cash collateral if one of two circumstances exist. 11 U.S.C. § 362(c)(2). The first circumstance exists when the entity holding an interest in the cash collateral consents. Id. The second circumstance exists when a bankruptcy court approves of a debtor's use of cash collateral in accordance with the other provisions of section 363 of the Bankruptcy Code. Id. Section 363(e) of the Bankruptcy Code further provides that "the court . . . shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e); In re Empire For Him, Inc., 1 F.3d 1156, 1160 (11th Cir. 1993). The Debtors bear the burden of proof on the issue of adequate protection at any hearing with respect thereto. 11 U.S.C. § 363(p)(1).

9. The purpose behind the "adequate protection" requirement is to ensure that the value of a lenders' secured interest in its collateral does not diminish throughout the course of a chapter 11 case. In re George Ruggiere Chrysler-Plymouth, Inc., 727 F.2d 1017, 1019 (11th Cir. 1984) (citations omitted). And while section 361 of the Bankruptcy Code provides a few potentially appropriate forms of "adequate protection," the Bankruptcy Code does not specifically define the term. George Ruggiere, 727 F.2d at 1019. However, in the context of debtor's request to utilize cash collateral, the form of adequate protection provided "must not be illusory," but "of the most indubitable equivalence." In re Goode, 235 B.R. 584, 589 (Bankr. E.D. Tex. 1999).

10. Here, the adequate protection contemplated in the Motion is entirely illusory. The Debtors fail to provide the Prepetition Lender with anything other than their belief that continuing the Debtors' operations will adequately protect the Debtors' interests. The

Case 10-07353-TBB11    Doc 11    Filed 12/15/10    Entered 12/15/10 15:45:35    Desc Main
Document      Page 4 of 9

Debtors' fail to provide any evidence in support of this assertion or to attach any proposed budget outlining how they will use the Cash Collateral to preserve the value of the Prepetition Lender's collateral. Absent an explanation of how they intend to use the Cash Collateral, it is impossible for the Prepetition Lender or this court to determine whether the Proposed Adequate Protection is sufficient.

11. Moreover, the mere continued operation of the properties, even with further detail as to how the Debtors intend to utilize the Cash Collateral, fails to provide the necessary adequate protection. As such, additional protection, including, among other items, postpetition payments, replacement liens, administrative priority for any of the Prepetition Lender's adequate protection claims and various budgetary and reporting requirements are necessary to ensure the Prepetition Lender is adequately protected in exchange for the Debtors' use of the Cash Collateral.

12. Finally, the Debtors request to continue its prepetition cash management system, including the receipt of Cash Collateral by the non-debtor SCP Account, is not appropriate. As set forth above, the SCP Management, a non-debtor entity, controls this account, and the Cash Collateral would be commingled with other non-debtor entities' funds in the SCP Account. This result significantly reduces the Prepetition Lender's ability to monitor the Cash Collateral and significantly hinders (and perhaps eliminates) the Debtors' ability to provide the Prepetition Lender with adequate protection necessary to allow the use of Cash Collateral.

13. The Prepetition Lender submits that the Debtors should establish an account with the Prepetition Lender (the "<u>Cash Collateral Account</u>") and that all rents and other sources of revenue for the Debtors be placed in the Cash Collateral Account. The Prepetition Lender submits it should be relatively simple for the Debtors to instruct their tenants to submit

CHI-1743724v5
- 5 -
Case 10-07353-TBB11    Doc 11    Filed 12/15/10    Entered 12/15/10 15:45:35    Desc Main
Document    Page 5 of 9

their rent to the Cash Collateral Account, rather than the SCP Account, because the Debtors have only three tenants.

14. After placing the rents and any other sources of revenue into the Cash Collateral Account, the Debtors could then transfer funds from the Cash Collateral Account to the SCP Account as necessary for SCP Management to satisfy any of the Debtors' necessary expenses. This will allow the Debtors to essentially continue their existing cash management system, but provide the Prepetition Lender with the protection of maintaining the Cash Collateral in an account controlled by the Debtors, rather than a non-debtor affiliate.

15. Thus, as set forth above, the Prepetition Lender requests this court deny the relief requested in the Motion, or, in the alternative, order the Debtors to provide the additional adequate protection set forth above.

/s/ Benjamin S. Goldman
Benjamin S. Goldman
*Attorney for Wells Fargo Bank, N.A., successor-by-merger to Wachovia Bank, National Association*

OF COUNSEL:
HAND ARENDALL LLC
1200 Park Place Tower
2001 Park Place North
Birmingham, AL 35203
Telephone: (205) 324-4400
Facsimile: (205) 322-1163

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of December, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Lee. R. Benton
Benton & Centeno, LLP
2019 3rd Avenue North
Birmingham, AL 35203

I hereby certify that on the 15th day of December, 2010, I have served a copy of the foregoing by depositing a copy of the same in the United States mail, properly addressed, first-class postage prepaid on the following and on those listed in the attached Creditor Matrix:

Bankruptcy Administrator
United States Bankruptcy Court
Northern District of Alabama
1800 5th Avenue North
Birmingham, Alabama 35203

/s/ *Benjamin S. Goldman*
OF COUNSEL

AIG Baker Tallahassee Communities, LLC
1701 Lee Branch Lane
Birmingham, AL  35242


Benton & Centeno, LLP
2019 3rd Avenue North
Birmingham, AL  35203-3301


Bateman Harden PA
P.O. Box 1454
Tallahassee, FL  32302


Doris Maloy
Leon County Tax Collector
P.O. Box 1835
Tallahassee, FL  32302-1835


Fallschase Community
Development District
6131 Lyons Road, Ste. 100
Coconut Creek, FL  33073


Internal Revenue Service
P.O. Box 21126
Philadelphia, PA  19114


Lori V. Vaughn, Esq.
101 East Kennedy Blvd., Ste. 2700
Tampa, FL  33602


Wachovia Bank
ATTN: Margaret Christopher
420 N. Twentieth Street, 8th Floor
Birmingham, AL  35203


Wells Fargo Bank, N.A.
420 Montgomery St.
San Francisco, CA  94163


Wells Fargo Bank, N.A.
C/O Corporation Service Company
1201 Hays Street
Tallahassee, FL  32301-2525

AIG Baker Tallahassee, LLC
1701 Lee Branch Lane
Birmingham, AL 35242


Benton & Centeno, LLP
2019 3rd Avenue North
Birmingham, AL 35203-3301


AIG Baker Shopping Center Properties LLC
1701 Lee Branch Lane
Birmingham, AL 35242


City Of Tallahassee
James R. English, Esq.
300 South Adams Street
Tallahassee, FL 32301


Croft & Associates, P.C.
3400 Blue Springs Road, Ste. 200
Kennesaw, GA 30144


Doris Maloy
Leon County Tax Collector
P.O. Box 1835
Tallahassee, FL 32302-1835


Guilday Tucker Schwartz & Simpson
P.O. Box 12500
Tallahassee, FL 32317-2500


Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114


State Of Florida
Department Of Revenue
5050 W. Tennessee St.
Tallahassee, FL 32399-0100